United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANA RUTH HERNANDEZ-LARA, | § § | CIVIL ACTION NUMBER 4:26-cv-01883 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Pending is a petition for writ of *habeas corpus* by Petitioner Ana Ruth Hernandez-Lara. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention under 8 USC §1225(b) violates (i) the order issued in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025), and (ii) the Due Process Clause of the Fifth Amendment. Id at ¶¶42–48, 61–84.

Prior order noted that the petition appeared to primarily raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–4. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention, specifically as to her arguments under procedural due process and the length of her detention in light of *Zadvydas v Davis*, 533 US 678, 697 (2001). Dkt 4 at 4.

Pending also is a motion by the Government for summary judgment. Dkt 9. It argues that claims under procedural due process in this context necessarily fail because §1225(b)(2)(A) mandates Petitioner's detention,

and procedural due process does not provide standalone procedures beyond that mandate. Id at 3–8. It further contends that arguments under *Zadvydas* are unavailing because Petitioner is not subject to a final order of removal. Id at 8–9.

Petitioner on reply argues that her prior release on bond creates an independent liberty interest protected by due process. See Dkt 12 at 8–10. She further claims that the cumulative length of her current pre-removal-order detention, together with her prior time in detention, is unconstitutional under the *Zadvydas* framework. See id at 9–13, citing *Abuelhawa v Noem*, 811 F Supp 3d 847, 855–64 (SD Tex 2025).

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

> o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "the government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

2

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.

The arguments presented by Petitioner in the petition and reply brief largely raise issues resolved to the contrary in the decisions cited above.

*As to whether Petitioner's prior release on bond created an independent liberty interest,* the contention is within the ambit of the above citation of *Marcelo-Aguila v Noem*. The argument essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of statutes clearly applicable to her. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the

3

interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain her pending removal.

The original notice to appear submitted by Petitioner makes clear that she "has not been admitted or paroled." Dkt 1-1 at 2; see also id at 4. As noted above, the Fifth Circuit in *Buenrostro-Mendez* held that those deemed an "applicant for admission" and thus "seeking admission" are subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

*As for argument with respect to Abuelhawa v Noem,* that decision involved detention pursuant to 8 USC §1231 and a petitioner subject to a final order of removal. See 811 F Supp 3d at 855–56. Petitioner cites that decision as "applying the *Mathews* factors." Dkt 12 at 9. But *Abuelhawa* didn't concern procedural due process and didn't cite *Mathews v Eldridge*, 424 US 319 (1976). She further cites *Abuelhawa* as holding that "the presumptively reasonable six-month period of detention is based on the noncitizen's cumulative time spent detained." Dkt 12 at 12. But again, it bears emphasis that *Abuelhawa* was in the *post*-removal-order context. See 811 F Supp 3d at 856. By contrast, Petitioner is *not* yet subject to a final order of removal. And even if the length of her detention were

calculated cumulatively, the undersigned has recently determined, upon full consideration of the issue, that pre-removal-order detention beyond six months doesn't violate the *Zadvydas* due-process limitation because, in the absence of further guidance, the Supreme Court's recognition of Congress's "broad power over naturalization and immigration" controls. See *Herrera Estrada*, 4:26-cv-01238 (SD Tex, April 27, 2026), quoting *Demore*, 538 US at 521.

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Ana Ruth Hernandez-Lara is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __May 27, 2026__ , at Houston, Texas.


Honorable Charles Eskridge
United States District Judge

5